UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                      :
UNITED STATES OF AMERICA        :
                                                      :       07 Cr. 402 (RMB)
               -v.-                       :
                                                      :       AFFIRMATION IN
JEFFREY MUSUMECI,              :        OPPOSITION
  a/k/a "Stevewil160@aol.com,"    :
                                                      :
                 Defendant.        :
                                                     :
---------------------------------------------------------X

STATE OF NEW YORK           )
COUNTY OF NASSAU           : SS.:
EASTERN DISTRICT OF NEW YORK    )

       MICHAEL L. SOSHNICK, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

1.     I am an attorney duly licensed to practice law in the Southern District of New York, having been admitted on August 1, 1979.

2.     I represent the Defendant in the above-captioned case, and I submit this affirmation in opposition to the Government's Motion *In Limine* to preclude the Defendant's Entrapment Defense or, in the alternative, for a Curative Jury Instruction.

3.     This Affirmation is based upon information and belief, the sources of which include a review of my office files relating to the defense of this case, conversations with Assistant District Attorney Penelope Brady and Assistant United States Attorney Adam Hickey.

4. In view of the fact that the trial in this case is not scheduled to begin until September 17, 2007, it is contended that the Government's Motion is premature and should be denied.

5. In the event the Court chooses to decide the Government's Motion on the merits, the following proffer is offered for the Court's consideration:

   A. Government agents using the pseudonym "Lisa" entered an adult chat room for the purpose of inducing unwary suspects to engage in criminal activity of the type set forth in the instant indictment.

   B. The agents, New York City Police Officers, profiled "Lisa" in a purposefully ambiguous fashion with respect to age inasmuch as no one under the age of 18 was permitted to access the subject adult chat room.

   C. The profile in question is attached to the Government's Affirmation as Exhibit "C".

   D. Glaringly absent from the profile is a photograph of a child or reference to the age of "Lisa".

   E. Although the Government claims that the initial contact with the Defendant was not made by Government agents because the first instant message between the Defendant and "Lisa" was made by the Defendant, the pattern of deception and introduction of the "Lisa" persona into the adult chat room in the presence of the Defendant by the Government may be viewed as the initial contact in this case.

F.  As to the element of predisposition, the Defendant is a duly licensed insurance broker in the State of New York.

G.  Prior to his arrest with respect to the allegations that form the basis of the dismissed New York County Supreme Court case, which are the same or substantially similar to the allegations that form the basis of the pending indictment in this District, the Defendant had no criminal history of any kind or nature whatsoever.

H.  Moreover, there is no evidence that the Defendant ever enticed a minor child to have sexual relations, nor is there evidence that the Defendant ever filmed a child engaged in a sexual performance.

I.  Following the Defendant's arrest, Government agents seized the Defendant's home and office computers in order to obtain evidence of the Defendant's purported criminal activity.

J.  It should be noted that after an exhaustive search of the seized computers, no evidence tending to show a predisposition to commit the crimes charged in the instant indictment was uncovered.

K.  Upon meeting "Lisa" in person, (an undercover New York City Police Officer), the Defendant concluded that he was definitely not communicating with a minor child.

L.  It was only after meeting an obviously adult female who was engaged in roleplaying/fantasy/charade that the Defendant agreed to return to his automobile to obtain a Polaroid camera and accompany "Lisa" to her claimed residence.

      M.      Upon entering the vestibule of the building where he was directed by "Lisa", other New York City Police Officers took the Defendant into custody.

      N.      In light of the foregoing, it is contended that, at least, a reasonable doubt exists as to whether the Defendant was predisposed to commit the crimes charged.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to Title 28, Unite States Code, Section 1746.

WHEREFORE, it is respectfully requested that the Court enter a Decision and Order denying the Government's Motion to Preclude the Defendant's Entrapment Defense or, in the alternative, for a Curative Instruction in its entirety, and/or for such other or different relief as this Court may deem just and proper.

Dated: July 19, 2007
      Mineola, New York

                                                    _____
                                                      Michael L. Soshnick
                                                      Attorney for the Defendant
                                                      190 Willis Avenue
                                                      Suite 112
                                                      Mineola, New York 11501
                                                      (516) 294-1111