**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                            **DECISION & ORDER**

-against-

                                                            07 **CR.** 402 (RMB)

JEFFREY MUSUMECI,
                                    Defendant.
---------------------------------------------------------------X

Having reviewed the record herein, including without limitation, the following: 1) Jessica

Beatty's letter, dated April 13, 2020, requesting that the Court reduce her father's (Jeffrey

Musumeci) 15 year sentence (at Allenwood's low security prison) to time served, pursuant to the

"compassionate release" provisions 18 U. S. C. § 3582, for "extraordinary and compelling"

circumstances;[1] 2) the Government's response, dated April 23, 2020, opposing compassionate

release both because Musumeci has not exhausted his administrative remedies and on the merits;

3) Defense counsel Stuart Gold's Reply, dated April 24, 2020, arguing that the Court can and

should waive any exhaustion requirement and that compassionate release is clearly warranted

based, among other things, upon COVID-19 pandemic concerns and Musumeci's age (66) and

serious medical conditions; 4) the letter, dated April 20, 2020, from Mr. Gold to the Warden of

Allenwood, D.K. White, requesting BOP to reduce Musumeci's sentence to time served based

---

[1]Mr. Musumeci - - the subject of a NYPD sting operation involving an adult police
officer posing as a juvenile - - received a 15 year sentence following his convictions of
attempted coercion or enticement of a minor to engage in sexual activity pursuant to 18 U.S.C.
§2422(b) and attempted sexual exploitation of a child (attempted production of child
pornography) pursuant to 18 U.S.C. §2251(a) following a jury trial. He has served 12 years as a
model prisoner. Note: It was reported to the Court that had Mr. Musumeci pled guilty in the
New York State courts upon his arrest on or about November 29, 2005 he would have received a
six month sentence.

-1-

upon compelling compassionate release grounds; and 5) the hearings held by this Court on April 27, 2020 and April 28, 2020 at which the Court stated that, while it would prefer that BOP release Mr. Musumeci to home confinement on April 29, 2020, if BOP fails to do so the Court would quickly decide the compassionate release motion. (The Court incorporates into this Decision & Order the full transcripts of the proceedings held on April 27, 2020 and April 28, 2020.)

**The Court without hesitation grants Musumeci's motion for a compassionate release. The Court reduces Defendant's sentence to time served effective immediately, followed by five years of supervised release. The BOP is respectfully directed to release Mr. Musumeci to his daughter, Jessica Beatty, no later than noon on April 29, 2020.**

### I. Background

Jeffrey Musumeci ("Musumeci" or "Defendant") is, as noted, a 66 year old male with serious documented medical issues, including Type II Diabetes, high blood pressure, hyperlipidemia, kidney disease, esophageal reflux disorder, claustrophobia, knee pain, and dental needs.   After his arrest by the NYPD in a sting operation and following his refusal to plead guilty to a state charge in exchange for a six month sentence, Mr. Musumeci was prosecuted by the U.S. Attorney's Office.  Following a federal jury trial and conviction, Musumeci was sentenced to a mandatory 15 year term of imprisonment.

A model prisoner, Musumeci was scheduled by BOP Allenwood, Pennsylvania to be released to a residential reentry center on Wednesday, April 29, 2020.  Musumeci's fear of COVID-19 along with his severe claustrophobia and esophageal reflux disorder, among other things, caused him to decline to serve 14 days of COVID-19 quarantine in BOP Allenwood's Special Housing Unit ("SHU") prior to his release.  And, because he declined to quarantine at

-2-

Allenwood, the BOP (arbitrarily) postponed Mr. Musumeci's release date to June 25, 2020,

notwithstanding the fact that   Musumeci's daughter, Jessica Beatty, had volunteered to pick up

her father at Allenwood on April 29, 2020 and drive him to her home on Long Island where he

had agreed to quarantine for 14 days.  Quarantine was the key sticking point in Musumeci's

release by BOP Allenwood.

### II. Legal Standard

U.S. Attorney General William Barr's Memorandum, dated March 26, 2020, to the

Bureau of Prisons states in part: "I am hereby directing you to prioritize the use of your various

statutory authorities to grant home confinement for inmates seeking transfer in connection with

the ongoing COVID-19 pandemic."

> 18 U.S.C. §  3582(c)(1)(A) provides in part:
> [T]he court, . . . upon motion of the Defendant after the Defendant has fully
> exhausted all administrative rights to appeal a failure by the Bureau of Prisons to
> bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of
> such a request by the warden of the Defendant's facility, whichever is earlier, may
> reduce the term of imprisonment . . . after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and
> compelling reasons warrant such a reduction . . .

United States Sentencing Commission policy statement U.S.S.G. § 1B1.13 provides that a

court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant the

reduction," "the Defendant is not a danger to the safety of any other person or to the community...,"

and "the reduction is consistent with this policy statement."  Application Note 1 states in part that

extraordinary and compelling reasons may exist . . .  if "[t]he Defendant (i) is at least 65 years old;

(ii) is experiencing a serious deterioration in physical or mental health because of the aging process;

and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is

less."

### III. Findings

The Court's findings are as follows:

1- Astonishingly, because of Musumeci's emotional incapacity to endure SHU, BOP has arbitrarily pushed back Musumeci's release date to June 25, 2020. It did this notwithstanding that Defendant has proposed a release plan (to his daughter's home) that has been verified and accepted by the U.S. Probation Department. Ms. Beatty has also proposed to pick up her father at Allenwood on April 29, 2020 and to drive him to her home. Defendant would reside with her and her family and would be quarantined in his own living space in her home for at least 14 days.

2- The Court further finds that in the particular circumstances of this case, exhaustion of remedies is not jurisdictional and may be waived.[2] Defendant filed a petition with the Warden of Allenwood seeking compassionate release on April 20, 2020. It is not clear whether BOP has, in fact, acted on the petition since BOP had initially scheduled the Defendant's release for tomorrow, April 29, 2020, but then appears unilaterally to have rescheduled his release to June 25, 2020. During the hearing held on April 27, 2020, the Court advised the parties that it believed there were extraordinary and compelling reasons warranting Musumeci's April 29, 2020 release to his daughter. See United States v. Haney, 19 cr 541 ("The Court [] has the discretion to waive the exhaustion requirement where, as here, strict enforcement of the 30-day waiting period would not serve the[] Congressional objectives. And in the extraordinary circumstances now faced by prisoners as a result of the COVID-19 virus and its capacity to spread in swift and deadly fashion, the objective of

---

[2] "[I]n the extraordinary circumstances now faced by prisoners as a result of the COVID-19 virus and its capacity to spread in swift and deadly fashion, the objective of meaningful and prompt judicial resolution is clearly best served by permitting [the defendant] to seek relief before the 30-day period has elapsed." United States v. Haney, 19 cr 541, Opinion and Order dated April 13, 2020 at 10.

-4-

meaningful and prompt judicial resolution is clearly best served by permitting [the defendant] to seek relief before the 30-day period has elapsed."); see also  United States  v. Russo, 16 cr 441 and United States v. Scparta, 18 cr 758.

3- Numerous extraordinary and compelling reasons warrant a reduction of Msumeci's sentence to time served.  For one thing, BOP Allenwood has already determined that April 29, 2020 was the appropriate release date into the community for the Defendant.  Second, Musumeci is in a protected age category (at 66) both with regard to COVID-19 and with regard to home confinement generally.[3]  Third, Musumeci's serious  medical conditions are especially susceptible to coronavirus infection and include Type II Diabetes, high blood pressure, hyperlipidemia, kidney disease, esophageal reflux disorder (the latter medical problem having caused him to pass out choking on food on at least two occasions while incarcerated at Allenwood); Musumeci also has knee problems, tooth issues and severe claustrophobia.  He is clearly at a high risk of severe illness or death if he were to contract COVID-19.  Fourth, Musumeci has served 12 years of his statutory 15 year prison sentence for a sting generated offense.  Fifth, while incarcerated, Defendant has had no disciplinary issues and, by all accounts, has been a model inmate.  Sixth, Defendant has a detailed, thoughtful community release plan developed with his adult daughter which includes an initial 14 day quarantine.  The plan and his daughter's home have been approved by the U.S. Probation Department.

4- Defendant's proposed conditions of release are supported by and developed with his daughter and her family.  They support the Court's findings that Musumeci is not a danger to the

---

[3]See U.S.S.G. § 1B1.13 - Reduction in term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement) and Application Notes provide that extraordinary and compelling reasons exist if: "[t]he Defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

community on home confinement and that he is entitled to time served. Musumeci's five year term of supervised release will commence immediately upon his release from BOP Allenwood custody. In addition to the conditions set forth in the Judgment and Commitment Order dated April 3, 2008, these conditions will also include home confinement at his daughter's residence until January 11, 2021 and quarantine for the first 14 days of his release. Most importantly, the BOP has already determined that the Defendant should be released from Allenwood on April 29, 2020 (although it also arbitrarily postponed the proposed release date to June 25, 2020).

5- Musumeci's release to home confinement is thoroughly compatible with 18 U.S.C. § 3582(c)(1)(A). "Given the speed with which this disease spread through the general public, it is clear that time is of the essence." April 3, 2020 Attorney General Barr Memorandum. Musumeci's release on April 29, 2020 would also "afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Defendant's release plan is sound and helps avoid the danger of contracting and spreading COVID-19.

6- The 18 U.S.C. § 3553(a) factors also support Musumeci's release to home confinement immediately. Musumeci's offense of conviction involved "attempt". It posed no harm to the New York City Police officer who was posing as an underage girl. The draconian 15 year sentence imposed - - 12 years of which have been satisfied - - more than reflects the seriousness of the offense, more than promotes respect for the law, and more than provides just punishment for the offense. The Court also finds that the 12 years served by the Defendant affords adequate deterrence to any future criminal conduct. And, the conditions of supervised release ensure the protection of the public from further crimes of the Defendant. Finally, the policy statements issued by the U.S. Sentencing Commission are thoroughly compatible with the reduction in

-6-

Musumeci's sentence to time served. See U.S.S.G. § 1B1.13 - Reduction in term of

Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement) and Application Notes provide

that extraordinary and compelling reasons exist if: "[t]he Defendant (i) is at least 65 years old; (ii) is

experiencing a serious deterioration in physical or mental health because of the aging process; and

(iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

**IV. Conclusion and Order**

Based upon the foregoing, the Court finds a reduction of Musumeci's sentence to time served

and his immediate release from BOP Allenwood to his daughter are the essence of compassionate

release. Other terms and conditions of Musumeci's Judgment and Commitment Order, dated April 3,

2008, are unaffected. In addition, the Court requires the Defendant to self quarantine in his

daughter's home for fourteen days from April 30, 2020 and it requires home confinement until

January 11, 2021.

The Court will hold a status telephonic conference with the U.S. Probation Department,

Counsel for the Defense and Government, and Mr. Musumeci on June 3, 2020 at 10:00 am.

**BOP Allenwood is respectfully directed to release Jeffrey Musumeci, Reg. No. 59877-054, to his daughter, Jessica Beatty on or before noon on April 29, 2020.**

Dated: New York, New York
April 28, 2020

**RICHARD M. BERMAN, U.S.D.J.**

cc: Warden D.K. White

-7-