# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN

JOSHUA D. KIRSHNER

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

May 8, 2020

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:  *United States v. Jeffrey Musumeci*, 07-cr-402 (RMB)

Dear Judge Berman:

By this letter motion, it is respectfully requested that the Court adjudicate the Government's April 24, 2020, letter request and impose conditions of home confinement that do not conflict with the supervised release conditions set forth in the original judgment.

### Request to Adjudicate the Government's April 24, 2020, Request

It is respectfully requested that the Court adjudicate the request that the Government made in its April 24, 2020, letter (*see* ECF Doc. 57), which requested that Jeffrey's unredacted BOP petition docketed at ECF Doc. 55-1 be replaced with the redacted version docketed at ECF Doc. 57-1.

### Request to Impose Home Confinement Conditions That do Not Conflict With the Original Supervised Release Conditions

On April 28, 2020, the Court granted Jeffrey's 18 U.S.C. § 3582(c)(1)(A)'s motion for compassionate release, reduced his prison sentence to time served, and ordered that the conditions of his five-year supervised release term include (i) the conditions set forth in the original judgment, (ii) a quarantine at his daughter's home for 14 days from April 30, 2020 (i.e., until May 14, 2020),

**BRAFMAN & ASSOCIATES, P.C.**

and (iii) confinement at his daughter's home until January 11, 2021. (ECF Doc. 58 at 2, 6–7). Jeffrey was released from prison on April 29, 2020.

It is respectfully requested that the Court impose conditions of Jeffrey's home confinement. Jeffrey requests that, after the 14-day quarantine period, he be allowed to take walks outside, attend medical appointments, and become employed when the COVID-19 pandemic ends.

It is also respectfully requested that the Court modify the original supervised release conditions so that they do not conflict with the home confinement conditions. Although Jeffrey is required to be on home confinement until January 11, 2021, the original supervised release conditions require him to: (1) "work regularly at a lawful occupation, unless excused by the probation officer for . . . acceptable reasons"; (2) "participate in a [substance abuse] program" if "deemed necessary by probation"; (3) "participate in weekly therapeutic counseling by a licensed therapist"; (4) "participate in a sex offender treatment program if deemed necessary by the probation department"; and (5) "register with the state sex offender registration agency in any state in which he resides or is employed." (ECF Doc. 36 at 3–4). Given Jeffrey's susceptibility to COVID-19 illness, he requests that his supervised release and home confinement conditions not require his physical presence outside his daughter's home to the extent possible.

Thank you for your time and consideration.

Respectfully submitted,

/S/
Stuart Gold, Esq.
Brafman & Associates, P.C.
767 3rd Avenue, 26th Fl.
New York, NY 10017
Tel: (212) 750-7800
Fax: (212) 750-3906

---

The Clerk's office is respectfully requested to replace ECF Doc 55-1 with ECF Doc 57-1. The proposed modifications are denied without prejudice. The proposed modifications can be discussed at the next conference on June 3, 2020. Probation Officer Dehaan is respectfully requested to appear at the next conference.

SO ORDERED:
Date: 5/12/2020     *Richard M. Berman*
Richard M. Berman, U.S.D.J.